IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN BAHR,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| v. | : | No.  13-cv-3632 |
| | : | |
| **JOHN E. WETZEL, et al,** | : | |
| **Respondents** | : | |

### REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                December 19, 2013

Currently pending before the Court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Brian Bahr ("Petitioner"), an individual currently incarcerated at State Correctional Institute - Mahanoy in Frackville, Pennsylvania.  For the reasons that follow, I respectfully recommend that the petition be **stayed and held in abeyance** until Petitioner's state court proceedings have concluded.

## I.    FACTS AND PROCEDURAL HISTORY[1]

On February 27, 2003, Petitioner was arrested and charged with, *inter alia*, Criminal Homicide (18 Pa.C.S.A. § 2501) for a murder committed the previous day.[2]  *See* Pennsylvania Docket, No. CP-39-CR-0001259-2003, at 1-2 (Lehigh Ct. Cm. Pl. Feb. 27, 2003); *see also*

---

[1] Petitioner's PCRA petition is pending in the state courts.  Thus, the state court record is unavailable.  The facts and procedural history set forth herein are gleaned from the habeas petition and the state court docket.

[2] The state court docket reports that Petitioner was born on November 19, 1985.  *See* Pennsylvania Docket, No. CP-39-CR-0001259-2003, at 1.  Assuming this to be accurate, he was seventeen as of the date of the crime, February 26, 2003.  *See id.*

Pet'r's Hab. Pet. at ¶ 1.  On February 2, 2004, Petitioner plead guilty to Criminal Homicide.  *Id.* at 2, 10.  Also on February 2, 2004, Petitioner was sentenced to life imprisonment without parole for the first degree murder conviction.  *Id.* at 10.

On May 8, 2007, Petitioner filed a *pro se* direct appeal in the Pennsylvania Superior Court.  *Id.*  Counsel was appointed and subsequently filed a Statement of Issues on Appeal pursuant to PA.R.A.P. 1925(a).  *See id.*  On July 18, 2007, the Superior Court denied the appeal as untimely.

On June 24, 2010, Petitioner filed a *pro se* PCRA petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq.  *Id.* at 14.  On August 4, 2010, the PCRA Court dismissed Petitioner's PCRA petition.  *Id.*

On August 10, 2012, Petitioner filed a second *pro se* PCRA petition.  *Id.* at 15.  Thereafter, counsel was appointed, and counsel filed an amended PCRA petition on June 18, 2013.  *Id.* at 17.   Petitioner claimed that his mandatory sentence of life without parole violates the Eighth Amendment of the United States Constitution, relying on the United State Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455, 183 L. Ed. 2d 407 (2012).  *See id.* at 17-18*; see also* Pet'r's Hab. Pet at 6.  On September 9, 2013, the PCRA Court stayed the PCRA proceedings pending the decision of the Pennsylvania Supreme Court in *Commonwealth v. Cunningham*, 51 A.3d 178 (Pa. 2012).  *Id.* at 18.  On November 8, 1013, the stay was lifted; the PCRA petition remains pending in the Lehigh Court of Common Pleas, with a hearing scheduled for February 10, 2014.  *See id.* at 19.

On September 12, 2013,  Petitioner filed the instant *pro se* federal habeas petition.  Relying on the Supreme Court's decision in *Miller,* Petitioner claims that his mandatory life sentence violates the Eighth Amendment of the United States Constitution.  Pet'r's Hab. Pet.

at 8.

## II. DISCUSSION

In *Miller v. Alabama*, *supra,* the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. at 2460.

Prior to *Miller*, Pennsylvania's sentencing statute provided for mandatory sentences of life without parole for those convicted of first or second degree murder, regardless of the age of the defendant at the time of the crime.[3] *See* 18 Pa. C.S.A. § 1102(a); *see also Commonwealth v. Batts*, 66 A.3d. 286 (Pa. March 26, 2013). In response to *Miller*, the Pennsylvania legislature amended the statute to provide for alternatives to life without parole for those under eighteen years of age.[4] *See* 18 Pa. C.S.A. § 1102.1. However, the new amendments apply only to those who were convicted after June 24, 2012. *See* 18 Pa. C.S.A. § 1102(c)(1).

On October 30, 2013, the Pennsylvania Supreme Court held that *Miller* does not apply retroactively to those whose sentences became final before the *Miller* decision was handed down. *See Commonwealth v. Cunningham*, No. 38 EAP 2012, 2013 Pa. LEXIS 2447 (Pa. Oct. 30, 2013).[5]

---

[3] Those convicted of first degree murder could instead receive a death sentence. If a defendant was not sentenced to death, then the statute mandated life without parole. *See* 18 Pa. C.S.A. 1102(a)(1) (subsequently amended).

[4] *Miller* did not foreclose sentences of life without parole for juveniles if they are issued through individualized sentencing procedures that allow the sentencing judge to consider the mitigating qualities of youth. *Miller*, 132 S. Ct. at 2467 (citation omitted).

[5] In *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013), the Pennsylvania Supreme Court held that *Miller* applies to those whose sentences were not yet final at the time of the Supreme Court's decision in *Miller* because they still had decisions pending on direct review.

In order for this Court to consider Petitioner's *Miller* claim, it must be exhausted in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A). To comply with the exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts before seeking federal habeas relief by invoking "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Petitioner's *Miller* claim is clearly unexhausted because it is currently pending before the PCRA court in a PCRA petition. *See* Pennsylvania Docket, No. CP-39-CR-0001259-2003, at 19; *see also* Pet'r's Hab. Pet. at 10.

We turn next to the question of whether stay-and-abeyance is appropriate here, so that Petitioner may return to state court to exhaust available remedies. The United States Supreme Court has expressly approved the use of stay-and-abeyance procedures in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Faced with a mixed petition containing both exhausted and unexhausted claims, the Supreme Court recognized the potential "risk of [petitioners] forever losing their opportunity for any federal review of their unexhausted claims," and allowed courts to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275. The Third Circuit has extended *Rhines* to allow district courts to stay and abey petitions containing only unexhausted claims. *See Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009). However, the Supreme Court has "cautioned that '[s]tay and abeyance, if employed too frequently, has the potential to undermine' the purposes of the . . . [AEDPA]: reducing delays in the execution of sentences, encouraging petitioners to seek collateral state court relief in the first instance, and giving

---

I also note that the Third Circuit recently concluded that three state prisoners who have been serving life sentences since they were juveniles "made a prima facie showing that *Miller* is retroactive" for purposes of filing successive habeas petitions under 28 U.S.C. § 2244. *See In re: Pendleton*, No. 12-3617, 2013 WL 5486170, at *2 (3d Cir. Oct. 3, 2013).

petitioners an incentive to exhaust all their claims in state court prior to filing their federal petition." *Grundy v. Pennsylvania*, 248 Fed. App'x 448, 451 (3d Cir. 2007) (quoting *Rhines*, 544 U.S. at 277). Therefore, a district court may issue a stay where: "(1) good cause exists for the petitioner's failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory or abusive tactics." *Id.* (*citing Rhines*, 544 U.S. 277-78).

As noted above, Petitioner's *Miller* claim is unexhausted and is currently presented in a PCRA petition pending in state court. The PCRA Court was holding the PCRA petition pending the Pennsylvania Supreme Court's decision in *Commonwealth v. Cunningham*. As noted above, the Pennsylvania Supreme Court held that *Miller* does not apply retroactively to those in situations like Petitioner, whose sentence became final prior to the decision in *Miller*.

For the reasons that follow, I conclude that a stay is appropriate.

First, Petitioner has good cause for not previously raising his *Miller* claim, because the *Miller* case was not decided until June, 2012, only two months before he filed his PCRA petition claiming relief based on *Miller*. Second, his *Miller* claim is not "plainly meritless." Indeed, the Third Circuit has recently held that three state prisoners who, like Petitioner, were sentenced to mandatory life imprisonment as juveniles "made a prima facie showing that *Miller* is retroactive" for purposes of filing successive habeas petitions under 28 U.S.C. § 2244. *See In re: Pendleton*, 2013 WL 5486170, at *2. Finally, there is nothing to suggest that Petitioner has engaged in intentional dilatory or abusive tactics. *Rhines*, 544 U.S. at 277-78. Therefore, staying this petition will further the interests of *Rhines* by preserving federal review while also allowing the state courts the first opportunity to determine the appropriate mechanism for sentencing juveniles in light of *Miller*. *See Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 2030, 176 L. Ed. 2d 825

(2010) ("it is for the State, in the first instance, to explore the means and mechanisms for compliance" with the Eighth Amendment).

Accordingly, I recommend that the instant habeas petition be placed in suspense.[6] I also recommend that Petitioner and Respondents be directed to notify the District Court within thirty days of the conclusion of Petitioner's state court proceedings and provide a status update on the instant matter. *See Rhines*, 544 U.S. at 277 (a petition "should not be stayed indefinitely").

Therefore, I respectfully make the following:

---

[6] I note that Respondents have not filed a response. However, given that I have found that the current circumstances warrant a stay, I recommend that the instant petition be stayed and held in abeyance at this time. *See First Nonprofit Ins. Co. v. Alexander*, No. 09-465, 2009 U.S. Dist. LEXIS 65178 (E.D. Pa. July 27, 2009) (citation omitted) (a court may issue a stay *sua sponte*); *see also Drinks v. Glunt*, No. 13-3241, 2013 U.S. Dist. LEXIS 126843 (E.D. Pa. Aug. 19, 2013) (finding a stay was appropriate despite the lack of response from the Commonwealth and noting that the Commonwealth did not oppose stays in other pending habeas petitions involving *Miller* claims) (*approved by* 2012 U.S. Dist. LEXIS 125849 (E.D. Pa. Mar. 14, 2012) (McLaughlin, J.)).

# R E C O M M E N D A T I O N

AND NOW, this __19th__ day of December, 2013, IT IS RESPECTFULLY RECOMMENDED the petition for writ of habeas corpus be STAYED and held in ABEYANCE while Petitioner litigates his PCRA petition in the state courts. It is FURTHER RECOMMENDED that the District Court direct Petitioner and Respondents to notify the District Court within thirty days of the conclusion of Petitioner's state proceedings, to inform the Court of the status of Petitioner's habeas petition.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Lynne A. Sitarski

LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE